IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02856-BNB

THOMAS L. WALKER,

    Plaintiff,

v.

LEUTENANT [sic] C. MAY, and
SERGENT [sic] BORDERS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Thomas L. Walker, is a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 for unspecified money damages and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Mr. Walker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Walker will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint does not comply with the pleading requirements of Rule

8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

     Mr. Walker alleges that between March and November 2013 he was denied clothing and any laundry service, except for a clothing exchange on July 16, 2013, because of unspecified mental-health issues.  He further alleges that he only had two pairs of boxer shorts to wear during this period of time.  He also alleges that he was not allowed to wash the boxers in his cell or during a shower.  He asserts two claims on the basis of these allegations.  As his first claim he contends he was treated unequally because of his mental illness.  As his second claim he contends he was subjected to cruel and unusual punishment because without proper clothing he was unable to

participate in mental-health groups.

Mr. Walker's first claim that his Fourteenth Amendment equal protection rights were violated because he was treated unequally on the basis of his mental illness is deficient. Mr. Walker fails to allege any similarly situated individuals who were treated in a different manner. The Equal Protection Clause is violated when similarly situated individuals are treated differently and the difference in treatment is not rationally related to a legitimate government interest. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439-40 (1985). In *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994), the United States Court of Appeals for the Tenth Circuit rejected an equal protection claim challenging a prison classification decision, in part, because "it is 'clearly baseless' to claim that there are other inmates who are similar [to the plaintiff] in every relevant respect." Pursuant to *Milligan v. Archuletta*, 659 F.3d 1294 (10th Cir. 2011), Plaintiff will be given the opportunity to file an amended complaint that provides sufficient facts to state a Fourteenth Amendment violation.

Mr. Walker fails to allege facts in the complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Walker "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Walker should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Walker must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Walker may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Walker uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Walker will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Thomas L. Walker, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure and alleges the personal participation of each named defendant.  It is

FURTHER ORDERED that Mr. Walker shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Walker fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some claims against some defendants, or the entire action, may be dismissed without further notice.

DATED December 30, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge