IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02856-BNB

THOMAS L. WALKER,

    Plaintiff,

v.

LEUTENANT [sic] C. MAY, and
SERGENT [sic] BORDERS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Thomas L. Walker, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado.  He filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 for unspecified money damages.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On December 30, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 8) directing Mr. Walker to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named Defendant.  Magistrate Judge Boland warned Mr. Walker that if he failed to file an amended Prisoner Complaint that complied with December 30 order as directed within the time allowed, some claims against some Defendants, or the entire action, may be dismissed without further notice.  Mr. Walker failed within the time allowed to file an amended

Prisoner Complaint as directed or otherwise communicate with the Court in any way.

In the December 30 order for an amended Prisoner Complaint, Magistrate Judge Boland discussed Mr. Walker's two claims. The claims were based on the alleged denial of clothing and laundry service (except for a clothing exchange on July 16, 2013) between March and November 2013 because of unspecified mental-health issues. Plaintiff alleged he only had two pairs of boxer shorts to wear during this period of time. He also alleged he was not allowed to wash the boxers in his cell or during a shower. On the basis of these allegations, he contended he was treated unequally because of his mental illness (claim one) and subjected to cruel and unusual punishment because without proper clothing he was unable to participate in mental-health groups (claim two).

Magistrate Judge Boland explained that Mr. Walker's first claim--that his Fourteenth Amendment equal protection rights were violated on the basis of his mental illness--was deficient because Plaintiff failed to allege any similarly situated individuals who were treated differently. The Equal Protection Clause is violated when similarly situated individuals are treated differently and the difference in treatment is not rationally related to a legitimate government interest. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439-40 (1985). In *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994), the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) rejected an equal protection claim challenging a prison classification decision, in part, because "it is 'clearly baseless' to claim that there are other inmates who are similar [to the plaintiff] in every relevant respect." Pursuant to *Milligan v. Archuletta*, 659 F.3d 1294 (10th Cir. 2011), Mr. Walker was given the opportunity to file an amended

2

complaint that provides sufficient facts to state a Fourteenth Amendment violation.  He failed to do so.

In addition, Mr. Walker failed to provide specifics as to what each Defendant did or failed to do to violate his constitutional rights, relying instead on vague and conclusory allegations.  Mr. Walker has made serious general allegations in his complaint, but without specific factual assertions of Defendants' actions or inaction that jeopardized his mental health, he fails to comply with Rule 8 and state Defendants' personal participation in the asserted constitutional violations.  The Prisoner Complaint will be dismissed without prejudice for Mr. Walker's failure to file an amended Prisoner Complaint that complies with Fed. R. Civ. P. 8 as directed within the time allowed, and for his failure to prosecute.  Mr. Walker may, if he chooses, reassert his claims in a new and separate action that complies with the December 30 order.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Walker files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Thomas L. Walker, within the time allowed, to file an amended Prisoner Complaint as directed in the order of December 30, 2013 (ECF

No. 8), and for his failure to prosecute.  It is

       FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

       FURTHER ORDERED that any pending motions are denied as moot.

       DATED at Denver, Colorado, this   5th   day of   February  , 2014.

                                 BY THE COURT:

                                 s/Lewis T. Babcock  
                                 LEWIS T. BABCOCK, Senior Judge  
                                 United States District Court